**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ALINA MARRERO, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) **Case No. 11-cv-8949** ) |
| v. | ) ) |
| PNC MORTGAGE COMPANY and PNC BANK, N.A. | ) **PLAINTIFF'S CLASS AND** ) **COLLECTIVE ACTION** ) **COMPLAINT (JURY TRIAL** ) **DEMANDED)** |
| Defendants. | ) ) |

## CLASS AND COLLECTIVE ACTION COMPLAINT

1.     Plaintiff Alina Marrero ("Plaintiff"), individually and on behalf of all others similarly situated, and on behalf of the members of the proposed Illinois Rule 23 class defined below, by and through her undersigned counsel, brings this Class and Collective Action Complaint (the "Complaint") pursuant to 29 U.S.C. § 216(b) and Rule 23 of the Federal Rules of Civil Procedure against PNC Mortgage Company ("PNC Mortgage") and PNC Bank, N.A. ("PNC Bank") (collectively "PNC" or "Defendants") to challenge their policy and practice of failing to pay Loan Officers their overtime wages pursuant to federal law and Illinois state law.

2.     Plaintiff brings this case on behalf of herself and all persons who currently work or have worked as loan officers, loan originators, or other similar titles (collectively, "Loan Officers") for PNC Bank and/or PNC Mortgage at any time since December 16, 2008 (the "Nationwide Collective") under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA"). Plaintiff also brings this case on behalf of herself and all persons who currently work or have worked as loan officers, loan originators, or similar titles for PNC Bank and/or PNC Mortgage in the State of Illinois at any time during the statutory period since December 16, 2001

(the "State Class"). Plaintiff and members of the Nationwide Collective and State Class are "employees" within the meaning of the FLSA, the Illinois Minimum Wage Law, 820 ILCS §§ 105, *et seq*. (the "IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS §§ 115, *et seq*. (the "IWPCA").

3.      PNC Mortgage is a subsidiary of PNC Bank and both are part of the PNC Financial Services Group, Inc., based in Pittsburgh, Pennsylvania, and doing business nationwide. PNC operates at least 17 branches and other offices in Illinois and approximately 2,500 nationwide.

4.      In 2008, parent company PNC Financial Services Group, Inc. announced that it would acquire Cleveland-based National City Bank for approximately $5.2 billion in PNC stock. The shareholders approved the acquisition of National City Bank on or about December 31, 2008.

5.      Although PNC's Loan Officers did not qualify as being exempt from the FLSA or Illinois state wage and hour laws, PNC failed to pay them overtime compensation when they worked over 40 hours in a week.

6.      PNC's Loan Officers regularly worked overtime but Defendants have not paid them the overtime wages they are owed.

7.      Since Plaintiff, the Nationwide Collective and the State Class were not subject to an applicable exemption from the overtime pay requirements of the FLSA and Illinois state law, the failure to pay them overtime wages is in violation of those laws.

## RELEVANT TIME PERIOD

8.      Plaintiff's claims under the FLSA permit Plaintiff and members of the Nationwide Collective who provide their written consent to join the action to recover unpaid

wages and damages for up to three years prior to the commencement of this lawsuit. Because Plaintiff alleges willful violations of the FLSA, the minimum two-year statute of limitations is extended to three years.

9. Plaintiff's claims under the IMWL permit Plaintiff and the State Class to recover unpaid wages and damages for up to three years prior to the commencement of this lawsuit.

10. Illinois Code section 5/13-205 permits Plaintiff and the State Class to recover damages stemming from their unjust enrichment claims for up to five years prior to the commencement of this lawsuit.

11. Illinois Code section 5/13-206 permits Plaintiff and the State Class to recover damages stemming from their IWPCA claims for up to ten years prior to the commencement of this lawsuit.

12. Accordingly, the allegations set forth herein concern Defendant's employment practices since December 16, 2001 as to Count III (IWPCA), since December 16, 2006 as to Count IV (unjust enrichment) and since December 16, 2008 as to Counts I & II (FLSA and IMWL, respectively).

## PARTIES

13. Plaintiff Alina Marrero is a resident of Chicago, Illinois. Plaintiff was employed as a Loan Officer/Originator for Mid America beginning in or about May 2005. Mid America was bought by National City Bank which was subsequently bought by PNC Bank in 2008. Plaintiff remained employed as a Loan Officer/Originator for PNC until on or about January 31, 2010 in Chicago, Illinois.

14. Defendant PNC Mortgage Company ("PNC Mortgage") is a Pennsylvania corporation with its principal place of business in Pittsburgh, PA. PNC Mortgage is a full-service mortgage company that originates, acquires, markets and services residential loans in

3

multiple states.  PNC Mortgage is an employer within the meaning of the FLSA, IMWL and IWPCA.

15.     Defendant PNC Bank, N.A. ("PNC Bank") is a Pennsylvania corporation with its principal place of business in Pittsburgh, PA.  PNC Bank is the principal subsidiary of PNC Financial Services Group, Inc.  PNC Bank operates retail bank branches nationwide.  PNC Bank is an employer within the meaning of the FLSA, IMWL, and IWPCA.

<u>FACTUAL BACKGROUND</u>

16.     Defendants employ individuals as Loan Officers, Loan Originators, or other similar job titles (collectively referred to herein as "Loan Officers") in order to provide their financial services and products.

17.     Plaintiff and members of the Nationwide Collective work or worked at one or more of Defendants' locations in the United States.  Plaintiff and the State Class work or worked at one or more of Defendants' locations in Illinois.

18.     Defendants' Loan Officers' primary work duties are to sell and process mortgage loans and other financial products and instruments.  Other duties performed by Loan Officers are directly related to mortgage sales and refinancing, including, without limitation, meeting with clients, attending group meetings, processing loan applications and other documents, and marketing Defendants' services to obtain new business and clients using methods such as cold calling.

19.     These duties were predominately performed at Defendants' home offices.

20.     Defendants profit from the work performed by Plaintiff, the Nationwide Collective and the State Class in selling Defendants' financial products and instruments and performing their required work duties.

4

21.     Defendants compensated their Loan Officers on a draw plus commission basis.

22.     Defendants classified their Loan Officers as exempt from overtime pay requirements under the FLSA and Illinois state wage laws including the IMWL and IWPCA.

23.     Defendants were aware or should have been aware that Plaintiff, the Nationwide Collective and State Class were not exempt under the FLSA, IMWL or IWPCA.  It is common industry knowledge that both courts and the United States Department of Labor ("DOL") have found Loan Officers to be non-exempt workers.

24.     Defendants were aware or should have been aware that Plaintiff, the Nationwide Collective and the State Class regularly worked in excess of 40 hours per week.

25.     Defendants did not pay Loan Officers for their hours worked in excess of 40 each week.

26.     Plaintiff typically worked five days per week for approximately eight to ten hours per day.  Plaintiff was not paid any overtime wages for her hours in excess of 40 in a week.

27.     Defendants mandated that Plaintiff and other Loan Officers meet certain production goals.  Defendant knew that these goals required Loan Officers to work in excess of 40 hours per week.  Defendant disciplined employees who failed to meet their production goals.

28.     Defendants failed to maintain complete and accurate records as to the hours worked by Plaintiff, the Nationwide Collective and State Class.

29.     Defendants' conduct in not paying Loan Officers for their overtime was willful and in bad faith.

30.     By failing to pay overtime wages for hours worked in excess of 40 each week, Defendants violated the FLSA, IMWL and IWPCA.

31.     By profiting from the labor of Plaintiff and the Nationwide Collective and State Class without paying them in accordance with federal law and Illinois law, respectively, Defendants were unjustly enriched.

**ALLEGATIONS FOR COLLECTIVE ACTION**

32.     Plaintiff brings this case as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  The collective class that Plaintiff seeks to represent is defined as:

> all individuals who are currently employed, or formerly have been employed by PNC Mortgage Company and/or PNC Bank, N.A. in the United States and who worked, in whole or in part, as a loan officer, loan originator or other similar job title from December 16, 2008 to the present (the "Nationwide Collective").

33.     Plaintiff's claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, for all claims asserted by Plaintiff for the Nationwide Collective, because the claims of Plaintiff are similar to the claims of the members of the Nationwide Collective.

34.     Plaintiff and the Nationwide Collective are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendants' previously described common business practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty during the workweek.  Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping and payroll practices.

35.     Specifically, Defendants failed to pay overtime to Plaintiff and the Nationwide Collective, as required by the FLSA.

36.     The similarly situated employees are known to Defendants, are readily identifiable, and may be located through Defendants' records.  Defendants employ many Loan Officers throughout the United States.  These similarly situated employees may be readily

6

notified of this action through direct U.S. mail and/or other means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

37.     Plaintiff brings her claims for relief individually and as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of:

> all persons who currently work or have worked as loan officers, loan originators, or similar titles for PNC Mortgage Company and/or PNC Bank, N.A. in the State of Illinois at any time since December 16, 2001 (the "State Class").

38.     This action is properly maintained as a class action under Rule 23 because the State Class is so numerous that joinder of all members is impracticable; there are questions of law or fact that are common to the State Class; the claims or defenses of Plaintiff are typical of the claims or defenses of the State Class; and Plaintiff will fairly and adequately protect the interests of the State Class.

39.     Members of the State Class are similarly situated by virtue of the predominating common questions of law and fact that exist as to Plaintiff and the State Class, including, without limitation:

a.     whether Defendants unlawfully failed to pay overtime compensation to its Loan Officers;

b.     whether Defendants' branches and offices are "retail establishments";

c.     whether Loan Officers' primary duties are "directly related to the management or general business operations" of PNC Bank and/or PNC Mortgage Company or their customers;

7

      d.      whether Loan Officers' primary duties are related to sales and/or production;

      e.      whether Defendants failed to keep accurate time records for all hours worked by Loan Officers;

      f.      whether Defendants were unjustly enriched by failing to pay Plaintiff and the Class in accordance with Illinois law;

      g.      the proper measure of damages sustained by Plaintiff and the State Class; and,

      h.      whether Defendants should be enjoined from such violations in the future.

40.     Plaintiff anticipates that Defendants' defenses are also common to Plaintiff and the State Class.

41.     Members of the State Class are so numerous that joinder of all members is impracticable. The identity of State Class members is easily ascertained from Defendant's records.

42.     Plaintiff's claims are typical of the claims of the State Class because Plaintiff has worked as a Loan Officer and has not received overtime wages for hours worked over 40 in a week. Upon information and belief, there are no State Class members who have an interest in individually controlling the prosecution of their individual claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against one's employer. However, if any such State Class member should become known, he or she can "opt out" of this action pursuant to the Federal Rules of Civil Procedure.

43.     Plaintiff will fairly and adequately represent the interests of the State Class and has no interests adverse to those of the State Class. Plaintiff has retained counsel competent and

experienced in complex wage and hour class action and wage and hour collective action litigation.

44.     A class action is superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impracticable. Class action treatment will allow a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense if these claims were brought individually. Class certification is also appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because the prosecution of separate actions by individual State Class members would create a risk of inconsistent or varying adjudications which would establish incompatible standards of conduct for Defendants, and/or because adjudications with respect to individual State Class members would, as a practical matter, be dispositive of the interests of non-party State Class members.

45.     In addition, class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the State Class, making appropriate both declaratory and injunctive relief with respect to the State Class as a whole. The members of the State Class are entitled to injunctive relief to end Defendant's common and uniform practices of denying the State Class reporting time wages, minimum wage for all hours worked, timely payment of wages upon termination or quit, and accurate and timely itemized wage statements.

46.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the State Class predominate over questions affecting only individual members of the State Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Plaintiff and the State Class lack

the financial resources to vigorously prosecute separate lawsuits in court against large corporate defendants such as PNC Bank and PNC Mortgage Company. The individual damages suffered by members of the State Class pale in comparison to the potential costs of suit. The members of the State Class are, nevertheless, entitled to the damages sustained as a consequence of Defendants' unlawful, common pay practices.

47.     Plaintiff knows of no difficulty that would be encountered in the management of this litigation which would preclude its maintenance as a class action.

**COUNT I**
**(Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207)**

48.     Plaintiff re-alleges and incorporates the above paragraphs as if set forth herein.

49.     Section 7 of the FLSA, 29 U.S.C. § 207, requires that non-exempt employees be paid at one-and-a-half times their regular rate of pay for all hours worked in excess of 40 in a workweek.

50.     As described above, Defendants have failed to pay Plaintiff and the Nationwide Collective at an overtime rate for hours worked in excess of 40 each week.

51.     Plaintiff and the Nationwide Collective are not exempt from the requirements of Section 7.

52.     Defendants were willful in their violation of the FLSA. As a result, they are liable under 29 U.S.C. § 216(b) to Plaintiff and the Nationwide Collective for liquidated damages in an amount equal to the wages Defendants failed to pay as a result of the foregoing violation.

53.     Plaintiff and the Nationwide Collective members are thus entitled to all of the overtime wages they are owed as well as costs and attorneys' fees they have expended in successfully bringing this action to recover their unpaid wages.

## COUNT II
### (Failure to Pay Overtime Wages in Violation of the Illinois Minimum Wage Law, 820 ILCS 105)

54.     Plaintiff re-alleges and incorporates the above paragraphs as if set forth herein.

55.     The IMWL requires Illinois employers, including Defendants, to pay overtime compensation to all non-exempt employees.

56.     The IMWL requires Defendants to pay Plaintiff and the State Class for all time worked in excess of 40 hours in a week at the rate of one-and-one-half times their regular hourly rate.

57.     Defendants' actions, policies and/or practices as described above violate the overtime requirements of the IMWL by failing to compensate Plaintiff and the State Class for hours worked in excess of 40 in a week at one-and-one-half times their regular rate.

58.     As a direct and proximate result of this practice, Plaintiff and the State Class have suffered loss of income and other damages to be determined at trial.

59.     Under 820 ILCS § 105/12:

If any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

60.     Thus, Plaintiff and the State Class are entitled to their attorneys' fees and costs, their unpaid wages, and damages of 2% of the amount of the underpayments compounded monthly from the date of each underpayment.

61.     Under 820 ILCS § 105/8:

Every employer subject to any provision of this Act or of any order issued under this Act shall make and keep for a period of not less than 3 years, true and accurate records of the name, address and occupation of each of his employees, the rate of pay, and the amount paid each pay period to each employee, the hours

worked each day in each work week by each employee, and such other information and make such reports therefrom to the Director as the Director may by regulation prescribe as necessary or appropriate for the enforcement of the provisions of this Act or of the regulations thereunder.

62. By failing to record and preserve records of hours worked by Plaintiff and the State Class, Defendants have violated the provisions of Section 8 of the IMWL.

## COUNT III
### (Unlawful Withholding of Wages in Violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115)

63. Plaintiff re-alleges and incorporates the above paragraphs as if set forth herein.

64. The IWCPA requires employers to pay employees within 13 days after the end of a semi-monthly or bi-weekly pay period or within seven days after a weekly pay period in full at the lawful rate.

65. If an employer fails to pay an employee all wages earned by the statutory deadline, the employee may commence a civil action to recover the amount of any underpayment and damages in the amount of 2% of each underpayment compounded monthly plus costs and reasonable attorneys' fees. *See* 820 ILCS § 115/14.

66. Pursuant to 735 ILCS § 5/13-206, the statute of limitations applicable to the IWPCA is ten years after accrual of the cause of action.

67. Plaintiff and the State Class are employees for purposes of the IWPCA.

68. Defendants are employers for purposes of the IWPCA.

69. Defendants' actions, policies and/or practices as described above violate the IWPCA by failing to compensate Plaintiff and the State Class for hours worked in excess of 40 in a week at one-and-one-half times their regular rate.

70. As a direct and proximate result of this practice, Plaintiff and the State Class have suffered loss of income and other damages to be determined at trial.

12

71.    As such, Plaintiff and the State Class are entitled to the underpayment, damages in the amount of 2% compounded monthly, and reasonable attorneys' fees and costs.

### COUNT IV
**(Unjust Enrichment)**

72.    Plaintiff re-alleges and incorporates the above paragraphs as if set forth herein.

73.    Pursuant to 735 ILCS § 5/13-205, the statute of limitations for civil actions not otherwise provided for, including claims for unjust enrichment, is five years after accrual of the cause of action.

74.    Defendants have received benefits from their policy and practice of failing to compensate Plaintiff and the State Class for their overtime and for Defendants to retain this benefit would be inequitable and would rise to the level of unjust enrichment.

75.    Plaintiff and the State Class have a reasonable expectation that they will be paid all amounts to which they are entitled under Illinois law, including overtime, for having given their time and efforts to Defendants.

76.    Defendants track the compensation paid to Plaintiff and the State Class as a measure of profit calculation. Failing to pay overtime wages to misclassified employees directly increased Defendants' profit.

77.    By underpaying Plaintiff and the State Class, Defendants were unjustly enriched. More specifically, by reason of having secured the work and efforts of Plaintiff and the State Class without paying overtime compensation, Defendants realized additional earnings and profits for their own benefit and to the detriment of Plaintiff and the State Class.

78.    Defendants have retained and continue to retain such benefits contrary to the fundamental principles of justice, equity and good conscience.

79.     Defendants' wrongful conduct is so offensive to common values as to merit redress by way of exemplary or punitive or other damages for the State Class members, from Defendants, in an amount to be determined at trial.

80.     Accordingly, Plaintiff and the State Class are entitled to judgment in an amount equal to the benefits unjustly retained by Defendants, to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Class pray for the following relief:

A.     An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.     An order certifying the class under Rule 23 of the Federal Rules of Civil Procedure;

C.     An order appointing Plaintiffs' counsel as counsel for the State Class and Nationwide Collective;

D.     A declaratory judgment and finding that Defendant committed one or more of the following acts:

   i.     Violated the FLSA by failing to pay regular and overtime wages to Plaintiff and the Nationwide Collective;

   ii.    Willfully violated the FLSA by failing to pay regular and overtime wages to Plaintiff and the Nationwide Collective;

   iii.   Violated the IMWL by failing to pay regular and overtime wages to Plaintiff and the State Class; and

   iv.    Violated the IWPCA;

E.     Compensatory damages, including back pay damages, overtime pay owed, and prejudgment interest to the fullest extent permitted under the law;

F.     Award 2% per month interest on all overtime compensation due accruing from the date such amounts were due until it is paid;

G.     Liquidated damages as provided by statute;

H.     Litigation costs, expenses, and attorneys' fees to the fullest extent

permitted under the law; and

I.        Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury for all issues of fact.


Dated:  December 16, 2011                    STEPHAN ZOURAS LLP


                                             By:  /s/ Ryan F. Stephan
                                                  Ryan F. Stephan
                                                  STEPHAN ZOURAS LLP
                                                  205 North Michigan Avenue, Suite 2560
                                                  Chicago, Illinois 60601
                                                  Tel:  (312) 233-1550
                                                  Fax:  (312) 233-1560
                                                  rstephan@stephanzouras.com

                                                  Carolyn H. Cottrell
                                                  Lee B. Szor
                                                  SCHNEIDER WALLACE COTTRELL
                                                  BRAYTON KONECKY LLP
                                                  180 Montgomery Street, Suite 2000
                                                  San Francisco, California 94104
                                                  Tel: (415) 421-7100
                                                  Fax: (415) 421-7105
                                                  ccottrell@schneiderwallace.com
                                                  lszor@schneiderwallace.com

                                                  Shanon J. Carson
                                                  Sarah Schalman-Bergen
                                                  Patrick F. Madden
                                                  BERGER & MONTAGUE, P.C.
                                                  1622 Locust Street
                                                  Philadelphia, PA  19103
                                                  Telephone:  (215) 875-3000
                                                  Facsimile:   (215) 875-4604
                                                  scarson@bm.net
                                                  sschalman-bergen@bm.net
                                                  pmadden@bm.net

                                                  *Attorneys for Plaintiff*