IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALINA MARRERO, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>PNC MORTGAGE COMPANY and PNC BANK, N.A.,<br><br>    Defendants. | Case No. 11-cv-8949<br><br>Judge Harry D. Leinenweber |

## **DEFENDANTS' CORRECTED MOTION TO DISMISS THE THIRD AND FOURTH COUNTS IN THE COMPLAINT**

| | |
|---|---|
| February 9, 2012 | MORGAN, LEWIS & BOCKIUS LLP<br>By: /s/ John R. Richards<br>John R. Richards<br>77 West Wacker Drive, 5th Floor<br>Chicago, IL 60601<br>Telephone: 312.324.1000<br>Facsimile: 312.324.1001<br>jrrichards@morganlewis.com<br><br>Steven R. Wall (pro hac vice pending)<br>Sarah E. Bouchard (pro hac vice pending)<br>1701 Market Street<br>Philadelphia, PA 19103<br>Telephone: 215.963.5000<br>Facsimile: 215.963.5001<br>swall@morganlewis.com<br>sbouchard@morganlewis.com<br><br>*Attorneys for Defendants* |

**INTRODUCTION**

Plaintiff, Alina Marrero ("Plaintiff" or "Ms. Marrero"), a former Retail Mortgage Loan Officer ("MLO") of Defendant PNC Bank, N.A. ("Defendant")[1], has filed the instant Complaint alleging the following purported class and collective action claims: failure to pay overtime compensation under the Fair Labor Standards Act ("FLSA") (Count I); failure to pay overtime and record-keeping violations under the Illinois Minimum Wage Law ("IMWL") (Count II); failure to pay overtime within 13 days of being earned as required by the Illinois Wage Payment and Collection Act ("IWPCA") (Count III); and a state law claim of unjust enrichment for failure to pay overtime (Count IV). For the reasons that follow, this Court should dismiss Count III and Count IV of Plaintiff's Complaint.

First, Count III fails because—despite repeated references to Defendants' "actions, policies and/or practices" in the Complaint—there is no contract or agreement between the parties mandating overtime compensation. Courts have routinely held that absent such an agreement, IWPCA claims fail as a matter of law. Second, Plaintiff's unjust enrichment claim brought under Illinois law is preempted by Plaintiff's FLSA claim. It is well established that the FLSA preempts a state law claim for unjust enrichment that rests on the same factual foundation and seeks the same relief as a concurrent FLSA claim. Here, Plaintiff's unjust enrichment claim is preempted because it is based solely on the alleged failure to pay overtime wages and seeks relief encompassed by the FLSA claim.

---

[1] Although this motion is filed on behalf of all Defendants, PNC Mortgage Company never employed Plaintiff. Rather, Defendant PNC Bank N.A., represents that Plaintiff's employer was as follows: Defendant PNC Bank N.A., a subsidiary of The PNC Financial Services Group, Inc. (from November 7, 2009 to Present); National City Bank N.A., a subsidiary of The PNC Financial Services Group, Inc. (January 1, 2009 to November 7, 2009); and National City Bank N.A., a subsidiary of National City Corporation (November 8, 2008 to December 31, 2008). Accordingly, Defendants, by and through their respective counsel, have requested that Plaintiffs' counsel stipulate that Defendant PNC Mortgage Company is to be dismissed from this action without prejudice, but Plaintiffs' counsel have not yet agreed.

# ARGUMENT

## A. Standard of Review for a Rule 12(b)(6) Motion.

In ruling on a Rule 12(b)(6) motion to dismiss, a court accepts as true all well-pleaded facts and draws all reasonable inferences in the plaintiff's favor. *Evers v. Astrue*, 536 F.3d 651, 656 (7th Cir. 2008); *see also Travelers Cas. & Surety Co. of Am. v. Bank of Am., N.A.*, No. 09 C 06473, 2010 WL 1325494, at *1 (N.D. Ill. Mar. 30, 2010). A court, however, need not accept as true "assertions of law or unwarranted factual inferences" contained within a complaint when deciding a motion to dismiss. *Stachowski v. Town of Cicero*, 425 F.3d 1075, 1078 (7th Cir. 2005). A plaintiff must allege "more than labels and conclusions. . . and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Rather, a cause of action must be supported by enough factual matter "to raise a right to relief that is plausible on its face." *Bell Atl.*, 550 U.S., at 562-63, 570.

When a court rules on a motion to dismiss it also may consider documents referenced in the complaint and central to the plaintiff's claims. *See Hecker v. Deere & Co.*, 556 F.3d 575, 582 (7th Cir. 2009) (affirming district court's decision that motion to dismiss was not converted to motion for summary judgment by introduction of "documents to which the Complaint had referred," that were "concededly authentic," and that "were central to the plaintiffs' claim"); *see also Utstarcom, Inc. v. Starent Networks, Corp.*, No. 07 C 2582, 2009 WL 3104402, at *1 (N.D. Ill. Mar. 24, 2009) (granting motion to dismiss after considering employment contracts and other documents referenced in complaint and central to plaintiff's claims and attached as exhibits to defendants' motion to dismiss).

The "usual example is a contract, in a suit for breach of contract." *Tierney v. Vahle*, 304 F.3d 734, 738 (7th Cir. 2002). "[W]ere it not for the exception, the plaintiff could evade

dismissal under Rule 12(b)(6) simply by failing to attach to his complaint a document that proved that his claim had no merit. . . . The cases therefore allow the defendant to submit the document to the court, and the court to consider it, without need for conversion to Rule 56." *Id*. (internal citations omitted). "[T]he Court is not bound to accept the pleader's allegations as to the effect of the exhibit, but can independently examine the document and form its own conclusions as to the proper construction and meaning to be given to the material." *Rosenblum v. Travelbyus.com Ltd*., 299 F.3d 657, 662 (7th Cir. 2002).

Here, Defendants' "policies" and/or "practices" are identified repeatedly in the Complaint as the source of Plaintiff's purported right to overtime compensation, and thus are vital to Plaintiff's claim. *See* Compl. ¶¶ 1, 57, 69, 74. Yet, no document(s) evidencing those policies are attached. For these reasons, documents evidencing Plaintiff's compensation and method of payment are attached and may be considered by the Court in ruling on this Motion. (*See* Declaration of Greg Burba, attached as Ex. A ("Burba Decl.") at ex. 1).

      **B.**      **Plaintiff's Claim For Overtime Under The IWPCA Fails As A Matter Of Law Because There Was No Contract Or Agreement Between The Parties Requiring Payment For Overtime.**

The IWPCA does not establish a substantive right to overtime pay. *DeMarco v. Nw. Mem'l. Healthcare*, No. 10-C-397, 2011 WL 3510896, at *6 (N.D. Ill. Aug. 10, 2011) (citing *Hall v. Sterling Park Dist*., Nos. 08 C 50116, 09 C 50146, 2011 WL 1748710, at *6 (N.D. Ill. May 4, 2011)). The IWPCA only allows for a cause of action based on compensation wrongfully withheld where an employer did not honor a contract or agreement with an employee. 820 Ill. Comp. Stat. 115/2-5; *see also DeMarco*, 2011 WL 3510896, at *6 (citing *Hall*, 2011 WL 1748710, at *6).

Specifically, in relevant part, the IWPCA requires an employer to:

> at least semi-monthly, . . . pay every employee all wages earned during the semi-monthly pay period," 820 ILCS 115/3, with "wages" defined as "any compensation owed an employee *by an employer pursuant to an employment contract or agreement* between the parties, whether the amount is determined on a time, task, piece, or any other basis of calculation.

820 Ill. Comp. Stat. 115/2 (emphasis added).

In other words, the IWPCA unequivocally does not mandate overtime pay (or any other kind of wage) unless the parties' contract or agreement requires it. *DeMarco*, 2011 WL 3510896, at *6 (citing *Lopez v. Smurfit–Stone Container Corp.*, 2003 WL 297533, at *3 (N.D. Ill. Feb. 10, 2003) (stating "[t]he IWPCA [does] not create . . . entitlement to overtime wages")); *see Stark v. PPM Am., Inc.*, 354 F.3d 666, 672 (7th Cir. 2004) (IWPCA requires a right to compensation pursuant to an employment contract or agreement).

Courts have routinely held that absent such a contract or agreement, a claim under the IWPCA fails as a matter of law. *Palmer v. Great Dane Trailers*, No. 05 C 1410, 2005 WL 1528255, at *4 (N.D. Ill. June 28, 2005) (dismissing IWPCA claim and finding: "[B]ecause Defendant did not breach any contractual obligation to pay overtime, no IWPCA claim exists. . . . [Rather,] the correct route for [plaintiff] to obtain earned pay, including potential overtime pay, is through timely FLSA and IMWL claims."); *see also DeMarco*, 2011 WL 3510896, at *6 (granting summary judgment on IWPCA claim, stating "[a]bsent evidence of such an agreement, DeMarco's claim that the IWPCA requires overtime pay for unrecorded hours fails as a matter of law") (citing *Stark*, 354 F.3d at 672) (rejecting IWPCA claim for bonus pay where employee "has no employment contract setting out the terms of his bonus"); *Skelton v. Am. Intercont, Univ. Online*, 382 F. Supp. 2d 1068, 1074-75 (N.D. Ill. 2005) (rejecting IWPCA claim for overtime wages where no contract or agreement required such wages).

Here, despite Plaintiff's multiple references to Defendants' "actions, policies, and/or practices," which allegedly required Defendants to pay her overtime compensation for all hours worked in excess of forty in a work week, Plaintiff never entered into any agreement or contract with either Defendant obligating it to pay her overtime. In fact, the documents and compensation schemes that Plaintiff references in the Complaint—but tellingly does not attach— expressly provide just the opposite: Plaintiff was to be compensated on a salary-plus-commission pay structure irrespective of the hours worked. (Burba Decl., Ex. 1). Accordingly, because there is no contract or agreement between the parties mandating overtime compensation, Plaintiff's IWPCA claim fails as a matter of law, and the Court should dismiss Count III.

    **C.    Plaintiff's Unjust Enrichment Claim Fails As A Matter Of Law Because It Is Preempted By Plaintiff's FLSA Claim**.

The FLSA requires employers to pay overtime wages, and it establishes the amount of overtime compensation. *See* 29 U.S.C. § 207(a)(1). Courts in the Northern District of Illinois and elsewhere routinely hold that the "FLSA preempts unjust enrichment and other state common law claims [including claims for unpaid overtime] that rest on the same factual foundation and seek the same relief as an FLSA claim." *DeMarco*, 2011 WL 3510896, at *6 (citing *Kyriakoulis v. DuPage Health Ctr., Ltd.*, 2011 WL 2420201, at *1-2 (N.D. Ill. June 9, 2011) (dismissing plaintiffs' unjust enrichment claim on preemption grounds and noting "[m]ost of the courts that have considered this issue have held that the FLSA preempts common law claims for unpaid overtime"); *Farmer v. DirectSat USA, LLC*, No. 08 C 3962, 2010 WL 3927640, at *16 (N.D. Ill. Oct. 4, 2010) (granting summary judgment for defendants on plaintiffs' unjust enrichment claim, stating that "[b]ased on this significant body of persuasive authority, the FLSA preempts Plaintiffs' state common law claims of unjust enrichment"); *Morgan v. SpeakEasy, LLC* 625 F. Supp. 2d 632, 658-60 (N.D. Ill. 2007) (granting summary

judgment for defendant on plaintiff's unjust enrichment claim, finding that it "is directly covered by the FLSA") (citing *Choimbol v. Fairfield Resorts, Inc.*, No. 2:05 CV 463, 2006 WL 2631791, at *4-6 (E.D. Va. Sept. 11, 2006) (dismissing unjust enrichment claim where it "merely recasts the central claim in this case: violation of the FLSA," and noting "Congress' clear intent that the FLSA be the sole remedy available to employees for enforcement of whatever rights they may have under the FLSA")) (internal quotations omitted).

In light of the authority above, the Court should dismiss Plaintiff's claim for unjust enrichment (Count IV). Plaintiff's claim merely restates and is premised solely on Plaintiff's FLSA claim (Count I). *See* Compl. ¶¶ 48-53, 72-80. Specifically, Plaintiff's unjust enrichment claim and FLSA claim are based entirely on Defendants' purported failure to pay Plaintiff overtime for all hours allegedly worked in excess of forty a workweek. Thus, without the alleged FLSA violation, Plaintiff could not even have hypothetically pled a claim for unjust enrichment based upon failure to pay overtime. *See Morgan*, 625 F. Supp. 2d at 659.

Further, Plaintiff's unjust enrichment claim seeks relief encompassed by Plaintiff's FLSA claim. Namely, the FLSA claim seeks all of the overtime wages that the putative class is allegedly owed, liquidated damages in an amount equal to all of the overtime wages, and costs and attorneys' fees. Compl. ¶¶ 52-53. Likewise, Plaintiff's unjust enrichment claim requests a judgment in the amount of overtime wages allegedly unlawfully retained by Defendants. *Id.* ¶¶ 74-80. Thus, if Plaintiff were to succeed on her FLSA overtime claim, she could potentially recover the entire amount of damages sought in her unjust enrichment claim. Accordingly, Plaintiff's claim for unjust enrichment is preempted, and the Court should dismiss Count IV.

## II. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court dismiss Count III and Count IV with prejudice.

Dated: February 9, 2012

Respectfully Submitted,

MORGAN, LEWIS & BOCKIUS LLP

By: /s/ John R. Richards
John R. Richards
77 West Wacker Drive, 5th Floor
Chicago, IL 60601
Telephone: 312.324.1000
Facsimile: 312.324.1001
jrrichards@morganlewis.com

Steven R. Wall (pro hac vice pending)
Sarah E. Bouchard (pro hac vice pending)
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Facsimile: 215.963.5001
swall@morganlewis.com
sbouchard@morganlewis.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that a true and correct of Defendants' Motion to Dismiss the Third and Fourth Counts in the Complaint was served via ECF upon the following opposing counsel of record on February 9, 2012 at the following addresses:

>Ryan F. Stephan
>James B. Zouras
>Andrew C. Ficzko
>Stephan, Zouras, LLP
>205 N. Michigan Ave.
>Suite 2560
>Chicago, IL 60601
>(312) 233-1550
>Fax: 312-233-1560
>Email: rstephan@stephanzouras.com
>Email: aficzko@stephanzouras.com
>Email: jzouras@stephanzouras.com
>
>Carolyn Cottrell
>Lee Szor
>Schneider Wallace Cottrell Brayton Konecky LLP
>180 Montgomery Street
>Suite 2000
>San Francisco, CA 94104
>(415) 421-7100
>Email: ccottrell@schneiderwallace.com
>Email: lszor@schneiderwallace.com

>/s/ John R. Richards
>*Attorney for Defendants*

DB1/ 69053972.1