# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8949 | **DATE** | 4/23/2012 |
| **CASE TITLE** | Marrero vs. PNC Bank N.A. | | |

**DOCKET ENTRY TEXT**

For the reasons state below, Defendant's partial motion to dismiss is **GRANTED**. Count III is dismissed without prejudice. Status hearing set for 5/23/2012 at 9:00 a.m.

■[ For further details see text below.]     Notices mailed by Judicial staff.

## STATEMENT

Before the Court is Defendant's motion to dismiss Counts III and IV of Plaintiff's complaint. For the following reasons, the motion is granted.

### I. BACKGROUND

Plaintiff was a loan officer/originator for Defendant. She has filed a class-action complaint alleging state and federal violations of overtime laws (Counts I and II), violations of the Illinois Wage Payment and Collection Act (Count III) and a complaint of unjust enrichment (Count IV). Since filing her complaint, Plaintiff has voluntarily dismissed her unjust enrichment complaint, so only Count III is the subject of Defendant's Motion to Dismiss.

### II. LEGAL STANDARD

On a motion to dismiss under Rule 12(b)(6), the Court accepts as true all well-pleaded facts in Plaintiffs' Complaint and draws all inferences in their favor. *Cole v. Milwaukee Area Tech. Coll. Dist.*, 634 F.3d 901, 903 (7th Cir. 2011).

### III. ANALYSIS

The IWPCA mandates that employers pay wages earned within 13 days of the end of a pay period and that final payment of wages after severance from an employer be done promptly. 820 Ill. Comp. Stat. 115/4-5. "Wages," however, has a very specific definition: "any compensation owed an employee by an employer pursuant to an employment contract or agreement between the two parties." *Id.* at 115/2.

Here, Plaintiff has alleged that Defendant did not pay overtime within the statutorily required timeframe, but her complaint neglects to allege that the overtime wages were part of a written contract or agreement (either

**STATEMENT**

made orally or by conduct) between the parties. This alone merits dismissal without prejudice. However, in the course of briefing the motion to dismiss, the Plaintiff has made clear that the basis for the overtime pay was not a contract or agreement, but rather because overtime is mandated by the Fair Labor Standards Act and the state statute, and thus overtime wages were an "implied term" of the agreement between the parties. Pl.'s Opp'n 7. For the record, the Court did not consider the contract attached to Defendant's motion in reaching its decision.

The Court recently explored at length whether such an implied term for overtime (based solely on the requirements of FLSA and state overtime statutes) was sufficient to state a cause of action under the IWPCA and concluded it was not. *See Jaramillo et al. v. Garda, Inc. et al.*, No. 12-C-662 4-8 (N.D. Ill. April 20, 2012).

### IV. ANALYSIS

Because an implied term based solely on the FLSA or state overtime statutes cannot serve as the basis for an agreement or contract governing overtime in regards to the IWPCA, **the motion to dismiss Count III is granted**. As with the Jaramillo complaint, the terms of the contract are so sparse in the complaint, the court will dismiss without prejudice. However, if Plaintiff decides to replead, she must advance some basis for an agreement or contract based on something other than the FLSA or state overtime statutes or the complaint will be dismissed with prejudice.